IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02180-BNB

JAMES A. CHILDS,

Plaintiff,

v.

ZITA L. WEINSHIENK, Judicial Officer,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 3 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, James A. Childs, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City. Mr. Childs has filed *pro se* a document titled "Mandamus to Compel Judicial Officer." As relief, he asks for this Court to reinstate dismissed action *Childs v. Ortiz*, No. 06-cv-00741-ZLW (D. Colo. July 9, 2007), *aff'd*, No. 07-1317 (10th Cir. Dec. 20, 2007), *cert. denied*, No. 07-9166 (U.S. Apr. 14, 2008), *reh'g denied*, (U.S. June 23, 2008). He contends that the Court owes him a duty to address his dismissed claims in No. 06-cv-00741-ZLW.

Mr. Childs has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff

asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Childs is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the complaint liberally because Mr. Childs is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Pursuant to 28 U.S.C. § 1361, a federal district court has jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in § 1361, however, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (per curiam). To grant

2

mandamus relief, the Court must find that the plaintiff has a clear right to the relief sought, that the defendant has a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

The extraordinary remedy of mandamus is not appropriate in this action. Plaintiff has no right to the relief he seeks. He already has exhausted all avenues of relief by appealing from this Court's dismissal of No. 06-cv-00741-ZLW, and this Court does not owe him a clear nondiscretionary duty to reopen No. 06-cv-00741-ZLW to allow a second round of review. This case is closed. Accordingly, it is

ORDERED that the complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this 2 day of Dec., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02180-BNB

James A. Childs
Prisoner No. 44876
Colorado State Penitentiary
PO Box 777 - Unit A1-16
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on __12/3/08__

GREGORY C. LANGHAM, CLERK

By _____
       Deputy Clerk